**FILED**

AUG 31 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ANTOINETTE ANTHONY, | ) | CV 11-108-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This order decides two matters before the Court: Defendant's motion to admit Andrew M. Altschul *pro hac vice* and the proper venue for this case, which the Court raises *sua sponte*.

The Defendant moves for the admission of Andrew M. Altschul to practice before this Court in this case with Elizabeth W. Erickson to act as local counsel. The Court notes, however, that Mr. Altschul's application does not comply with Local Rule 83.3(e). Because the application is deficient, the motion is granted on

1

the condition that Mr. Altschul files a supplemental affidavit that complies with the local rules.

The Court raises the issue of venue *sua sponte*. Local District Court Rule 1.11 states that a caption constitutes a certification by the offering attorney that venue is proper. The practitioner is referred to the Montana Code Annotated: "Venue is proper in any Division of the Court containing a county of proper venue under the laws of the State of Montana." Under Montana law, venue is proper in any county where a defendant resides, Mont. Code Ann. § 25-2-118, and if no defendant resides in Montana, § 25-2-121 provides the venue options for a contract action.

This case was properly filed in the District Court of the 18th Judicial District of the State of Montana, in Gallatin County. Defendant Northwestern Mutual Life Insurance Company removed the case to federal district court, the Missoula Division, based on federal question jurisdiction. Defendant does not reside in Montana, so § 25-2-118 does not apply. Plaintiff Antoinette Anthony is a resident of Bozeman, in Gallatin County, and she obtained the disability coverage at issue from Defendant through her Bozeman employer. The car crash in which Ms. Anthony allegedly sustained injuries also occurred in Bozeman. Based on all these facts, Gallatin County was the place where the contract was to

be performed and thus was a proper venue for this action when the action was filed in state court. As Gallatin County lies in the Butte Division of the United States District Court for the District of Montana, Butte is the proper divisional venue.

IT IS HEREBY ORDERED that this case is TRANSFERRED to the District of Montana, Butte Division, pursuant to 28 U.S.C. § 1406(a);

IT IS HEREBY ORDERED that Defendant's motion to admit Andrew M. Altschul *pro hac vice* (dkt #2) is conditionally GRANTED. Mr. Altschul must do his own work. This means that Mr. Altschul must do his own writing, sign his own pleadings, motions, and briefs, and appear and participate personally. Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. Mr. Altschul may move for the admission *pro hac vice* of one (1) associate of his firm. Such associate, if duly admitted, shall be authorized to participate in this case on the same terms and conditions as Mr. Altschul;

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless Mr. Altschul, within fifteen (15) days of the date of this Order, files a notice acknowledging his admission under the terms set forth above and an affidavit that

3

complies with local rule 83.3(e).

DATED this 31st day of August, 2011.

_____
Donald W. Molloy, District Judge
United States District Court