JORY C. RUGGIERO, ESQ.
DOMENIC A. COSSI, ESQ.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
(406) 587-1900

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| ANTOINETTE ANTHONY, | ) | CV 11-51-BU-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S FIRST AMENDED** |
| vs. | ) | **COMPLAINT** |
| | ) | |
| THE NORTHWESTERN MUTUAL | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, by and through her attorneys of record, alleges as follows in support of her complaint against Defendant.

### I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Antoinette Anthony was a resident of Gallatin County, Montana at all times relevant to the allegations in this Complaint, including

when this action was filed in Montana State Court.

    2.    Defendant The Northwestern Mutual Life Insurance Company (Northwestern Mutual) is a corporation headquartered in Milwaukee, WI. Northwestern Mutual is engaged in the business of insurance within the State of Montana. Northwestern Mutual sold Plaintiff and her employer, Urbani Fisheries, LLC, of Bozeman, MT, the disability coverage that is at issue in this case.

    3.    Plaintiff is a proper party with standing to bring this action under 19 U.S.C. § 1132(a)(1)(B), in that the actions of Northwestern Mutual in administering the long term disability insurance policy it provided to Ms. Anthony have wrongfully denied Ms. Anthony benefits due to her under the plan.

    4.    The motor vehicle collision referenced herein occurred in Gallatin County, Montana.

    5.    Jurisdiction and Venue are proper in this Court per 28 U.S.C. § 1331 and 29 U.SC. § 1132(e). The insurance policy at issue was provided to Plaintiff through her employer, Urbani Fisheries, LLC, and is thus governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*

## II.  Statement of Facts

7. On November 16, 2009, Antoinette Anthony was driving eastbound on College Avenue in Bozeman, Montana.  Megan Pielaet was driving westbound on College Avenue when she lost control of her vehicle on the ice-packed roadway.  Pielaet's vehicle spun out of control, striking the Plaintiff's vehicle on the driver's side and causing heavy damage to both vehicles.  Plaintiff's vehicle was a total loss.

8. As a result of the collision, Ms. Anthony suffered significant injuries, including, but not limited to, a traumatic brain injury, whiplash and injury to her neck, back, pelvis, wrist and shoulder.

9. These injuries have prevented Ms. Anthony from continuing her work with Urbani Fisheries, LLC, and have compromised her quality of life.

10. On April 16, 2010, Ms. Anthony was put on unpaid leave from her job at Urbani Fisheries, LLC, because she could not perform her job duties adequately as a result of her injuries and ongoing treatment from the motor vehicle collision.

11. The tortfeasor's auto insurer, Farmers Insurance Exchange, paid its policy limit on November 10, 2010.

12. Through her employer, Urbani Fisheries, LLC, Ms. Anthony

had a long-term disability insurance policy from Northwestern Mutual, Policy Number L665000.

13. As a result of her diagnoses and inability to return to work, Ms. Anthony applied for disability benefits through Northwestern Mutual on September 3, 2010.   Ms. Anthony has provided extensive documentation supporting her claim to Northwestern Mutual.

14. Northwestern Mutual accepted Ms. Anthony's claim for review on November 12, 2011.

15. Northwestern Mutual failed to issue a decision on Ms. Anthony's claim or issue a notification of extension of time within the 45 day limit prescribed by ERISA regulations at 29 C.F.R. § 2560.503-1(f)(3)-(4).

16. Northwestern Mutual continued to fail to affirm or deny coverage of Ms. Anthony's claim while continually asking for additional information through June 22, 2011, when it issued an notification of extension pursuant to 29 C.F.R. § 2560.503-1(f)(3)-(4).

17. Due to Northwestern Mutual's illegal delay in affirming or denying Ms. Anthony's claim, Ms. Anthony filed an action in the Eighth District Court for the State of Montana alleging various causes of action on July 6, 2011.

18. After Ms. Anthony filed her lawsuit, Northwestern Mutual denied Ms. Anthony's claim on August 9, 2011. In addition to violating ERISA's mandatory timelines and procedures, Northwestern Mutual's denial is premised on a blatantly incorrect statement of Ms. Anthony's job duties at the time of her injury job with Urbani Fisheries, LLC. Northwestern Mutual also ignored medical evidence demonstrating that Ms. Anthony's inability to work at Urbani Fisheries was a direct result of the motor vehicle collision.

19. On August 10, 2011, Northwestern Mutual removed to this Court due to federal preemption under ERISA. 20. Northwestern Mutual's conduct discussed above has deprived Ms. Anthony of long-term disability benefits that are due to her and has caused her significant frustration, anger, fear and worry.

21. Ms. Anthony has not been able to resume her role as a Project Coordinator/Environmental Scientist and she remains without gainful employment. Under Northwestern Mutual's Policy's definition, Ms. Anthony is disabled and she is entitled to receive her full benefit.

21. Northwestern Mutual's illegal delay in ruling on Ms. Anthony's disability benefit claim has caused Ms. Anthony damages including, *inter alia*, loss of use of her benefits owed since April 2009, out of pocket

expenses, attorneys fees, anxiety, frustration and inconvenience.

## III.  LEGAL CLAIMS

**COUNT ONE – Claim for Benefits under 29 U.S.C. § 1132(a)(1)(B)**

Ms. Anthony realleges and incorporates by reference herein each and every allegation set forth above and, in addition thereto, alleges the following:

20. Ms. Anthony had a contractual relationship with Defendant Northwestern Mutual, pursuant to which Defendant was to provide disability benefits if Ms. Anthony was injured in a way that prevented her from continuing her position at Urbani Fisheries, LLC.

21. Although she attempted to remain in her position as a project coordinator at Urbani Fisheries, LLC, Ms. Anthony was placed on unpaid administrative leave from her position on April 16, 2010 due to her ongoing absences and inability to perform her job duties after the motor vehicle collision.

22. After being unable to return to work, Ms. Anthony notified Defendant of her disability claim on September 3, 2010.

23. Defendant Northwestern Mutual failed to issue a decision or notification of extension within the 45 day period mandated by 29 C.F.R. §

2560.503-1(f)(3).

24.     Each time Ms. Anthony provided the information requested by Defendant Northwestern Mutual to process her claim, Defendant requested additional information and failed to follow the timeframe mandated in 29 C.F.R. § 2560.503-1(f)(3)-(4) to give beneficiaries timely resolution of their claims.

25.     Defendant's delay in providing a benefit determination was unreasonable under 29 C.F.R. § 2560.503-1.

26.     Due to her injuries from the motor vehicle collision and continued inability to work, and in light of Defendant's improper delay in providing an adverse benefit determination, Ms. Anthony requests an award of plan benefits.


## IV.  CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.   For an award of benefits under the long-term disability plan pursuant to 29 U.S.C. § 1132(a)(1)(B);

2.   Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) or any other relevant authority; and

3.  For such other relief as the Court deems just.

DATED this 7th day of October 2011.

                WESTERN JUSTICE ASSOCIATES, PLLC

                BY:  /s/ Jory C. Ruggiero
                     JORY C. RUGGIERO
                     *Attorneys for Plaintiff*